

# COURT OF APPEALS
# EIGHTH DISTRICT OF TEXAS
# EL PASO, TEXAS

_____

## No. 08-26-00191-CV

_____

### In the Interest of A.A.G., E.M.G., M.S.G., and L.O.G., Children

On Appeal from the 65th District Court
El Paso County, Texas
Trial Court No. 2025DCM0522

## MEMORANDUM OPINION

Appellant, M.Y.J. (Mother), appeals from the trial court's judgment terminating her parental rights to her children. After holding a bench trial, the trial court found that termination was in the best interest of the children and that the Department of Family and Protective Services had proven grounds for termination under subsections (N) (constructive abandonment of the child) and (O) (using controlled substances in an endangering manner) of § 161.001(b)(1) of the Texas Family Code. *See* Tex. Fam. Code § 161.001(b)(1)(N), (b)(1)(O), (b)(2). In addition to terminating Mother's parental rights to her children, the trial court appointed the Department as permanent

managing conservator of the children. Mother filed a notice of appeal and the trial court appointed counsel to prosecute the appeal on her behalf.[1]

Mother's court-appointed appellate counsel has filed a brief asserting that there are no non-frivolous issues to raise on appeal, in accordance with *Anders v. California*, 386 U.S. 738, 744 (1967). *See In re P.M.*, 520 S.W.3d 24, 27 & n.10 (Tex. 2016) (per curiam) (recognizing that *Anders* procedures apply in parental termination cases); *Int. of S.G.*, No. 08-25-00092-CV, 2025 WL 1911996, at *1 (Tex. App.—El Paso 2025, pet. denied) (same). The brief meets the *Anders* requirements by presenting a professional evaluation of the record and demonstrating why no arguable grounds may be advanced on appeal. *See Anders*, 386 U.S. at 744–45. Mother's counsel also provided a copy of the brief to Mother, informed Mother of her right to file a pro se response, provided Mother with a copy of the appellate record, and informed Mother "of her right to ask [counsel] to file a petition for review on her behalf with the Texas Supreme Court should this Court declare her appeal to be frivolous." The Department has filed a response stating that it would not file a brief in this appeal unless ordered to do so or deems it necessary after reviewing any pro se response. This Court did not order the Department to file a brief, and Mother did not file a pro se response.

As a reviewing court, we must conduct our own independent review of the entire record to determine whether arguable grounds exist for reversal of the parental termination order. *See Penson v. Ohio*, 488 U.S. 75, 80 (1988); *In re C.A.S.*, No. 08-22-00027-CV, 2022 WL 1793919, at *1 (Tex. App.—El Paso June 2, 2022, no pet.) (mem. op.). We have done so here. After carefully conducting our own thorough and independent review of the record and finding no arguable grounds for reversal, we declare the appeal to be frivolous. *In re L.M.F.*, No. 08-19-00291-CV,

---

[1] The trial court also terminated the parent-child relationship between the father and the children. Father is not a party to this appeal.

2020 WL 913843, at *1 (Tex. App.—El Paso 2020, no pet.) ("We agree with counsel's professional assessment that the appeal is frivolous and without merit.")

Accordingly, we affirm the trial court's order terminating Mother's parental rights.


LISA J. SOTO, Justice

July 23, 2026

Before Salas Mendoza, C.J., Palafox, and Soto, JJ.